**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SHANE RUIZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLY BANK; NATIONAL DEFAULT SERVICING CORPORATION; and FINANCE OF AMERICA MORTGAGE LLC,<br><br>Defendants. | Case No. 1:25-cv-00641-KES-SKO<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

On April 7, 2025, Plaintiff Michael Shane Ruiz, an individual, commenced this action in Madera County Superior Court asserting claims under the California Homeowner Bill of Rights and Unfair Competition Law. (Doc. 1 at 6–29.) On May 28, 2025, Defendant Ally Bank ("Ally Bank") removed this action to this Court based on diversity of citizenship under 28 U.S.C. §1332. (Doc. 1 at 1–4.)

For the following reasons, the Court finds Ally Bank's Notice of Removal to be deficient and orders Ally Bank to show cause why this action should not be remanded to Madera County Superior Court.

## I.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and

1

statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash*., 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citations omitted); *see also Nishimoto v. Federman-Bachrach & Assoc*., 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P*., 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.     DISCUSSION

To invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, Ally Bank must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Cohn v. Petsmart, Inc*., 281 F.3d 837, 839 (9th Cir. 2002); 28 U.S.C. § 1332. "When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "Federal courts look only to a plaintiff's pleadings to determine removability." *Id*. (citing *Self v. Gen. Motors Corp*., 588 F.2d 655, 657 (9th Cir. 1978). "Diversity is generally determined from

1  the face of the complaint." *Id.* (citation omitted). "Absent unusual circumstances, a party seeking
2  to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the
3  relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

4        Here, Ally Bank has failed to meet its burden of demonstrating complete diversity of
5  citizenship. The citizenship of a limited liability company ("LLC") is determined by the citizenship
6  of all of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.
7  2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Id.*; *see
8  also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x. 62, 64–65 (9th Cir.
9  2011) (noting that if a member of an LLC is a limited partnership or LLC, defendant(s) must also
10 identify the citizenship of each member of that limited partnership or LLC).

11       Neither Plaintiff's complaint nor Ally Bank's removal papers identifies the owners or
12 members of Defendant Finance of America Mortgage LLC, or the citizenship of its owners or
13 members at the outset of the case. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th
14 Cir. 2005) ("Diversity jurisdiction is based on the status of the parties at the outset of the case.").
15 The Notice of Removal and its supporting exhibits simply state that Defendant Finance of America
16 Mortgage LLC "is a limited liability company formed under the laws of the state of Pennsylvania,
17 with its principal place of business located at 1 West Elm Street, First Floor, Conshohocken,
18 Pennsylvania 19428." (Doc. 1 at 2; Doc. 1-1 at 2; Doc. 1-2 at 2.) Accordingly, Ally Bank has
19 failed to meet its burden to establish this Court's jurisdiction. *See, e.g., Grayson Serv., Inc. v.
20 Crimson Res. Mgmt. Corp.*, No. 1:14–cv–01125–SAB, 2015 WL 6689261, at *3 (E.D. Cal. Oct.
21 28, 2015) (granting motion to dismiss where the plaintiff's second amended complaint was "devoid
22 of any mention of the citizenship of the owners of the LLC" because "failure to specify the state
23 citizenship of the parties is fatal to the assertion of diversity jurisdiction").

### III.    CONCLUSION AND ORDER

25       For the foregoing reasons, **IT IS HEREBY ORDERED** that Ally Bank show cause why
26 this action should not be remanded to Madera County Superior Court. Ally Bank has **fourteen (14)**
27 **days from the date this Order is issued** to demonstrate why diversity jurisdiction exists. Ally
28 Bank must submit competent proof establishing diversity. *See Harris v. Rand*, 682 F.3d 846, 851–

52 (9th Cir. 2012) ("[T]he district court may properly require a party asserting federal subject matter jurisdiction to establish its jurisdictional allegations by competent proof.").

Plaintiff has **ten (10) days from the date of service of Ally Bank's filing** to file a response, if he so chooses. Should Ally Bank fail to file a response to this Order to Show Cause, the undersigned will recommend to the assigned district judge that the case be remanded *sua sponte* without further notice to the parties.

IT IS SO ORDERED.

Dated:   **June 5, 2025**                              /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE